## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: Luis A. Vinas, debtor. | Case No. 19-23352-MAM |
| Allergy, Dermatology & Skin Cancer Center LLC, et al, Plaintiff. | Adv. Case No. 20-1095-MAM |
| v. | Chapter 11 |
| Luis A. Vinas, Defendant.        / | |

### NOTICE TO PARTIES PARTICIPATING IN
### JUDICIAL SETTLEMENT CONFERENCE

**Andrew Fulton IV, Esq.** SHALL SERVE A COPY OF THIS NOTICE ON ALL COUNSEL WHO ARE NOT RECIPIENTS OF THIS NOTICE VIA CM/ECF, AND SHALL FILE A CERTIFICATE OF SERVICE OF THE SAME.

**COUNSEL FOR EACH PARTY SHALL DELIVER A COPY OF THIS NOTICE TO THEIR CLIENT AND CLIENT REPRESENTATIVE**

You are receiving this notice because you or a party you represent agreed to participate in a judicial settlement conference. The presiding judge in the above captioned matter (the "Presiding Judge") entered an order directing you and other parties to attempt to negotiate a settlement of disputes arising in or related to the above captioned matter. You and the other parties selected the Hon. Paul G. Hyman, United States Bankruptcy Judge, to assist you in settlement negotiations.

**BY ATTENDING THE SETTLEMENT CONFERENCE**, in addition to any order entered in the above captioned matter governing the settlement conference, **EACH PARTY AND EACH PARTY'S REPRESENTATIVES, AGENTS AND ADVISORS, AGREE AS FOLLOWS**:

1. <u>Time and Place of Settlement Conference</u>. The settlement conference will commence, utilizing <u>Zoom, on July 27, 2020 at 10:00 a.m.</u> All participants must register for a Zoom account (participants may choose to either enter into the offered Free Trial or purchase a paid account) **no later than five (5) working days prior to the date set for the pre-settlement conference**. <u>When registering for Zoom the parties must ensure their full legal name appears on the video.</u> It is possible that the settlement conference will be continued one or more additional days by agreement of the parties.

1

    2.    <u>Good Faith Attempt to Settle</u>. The parties agree and consent that all disputes between them, whether or not arising in the above captioned matter, will be addressed as part of the settlement conference. Each party shall make a good faith attempt to negotiate a global settlement of the disputes arising among the parties involved in the settlement conference.

    3.    <u>Conduct of Settlement Conference; Role of Judge Hyman as Settlement Facilitator</u>. Judge Hyman is not the Presiding Judge in this matter. While Judge Hyman is acting in his official capacity as a Bankruptcy Judge while assisting the parties, he will have no involvement whatsoever in deciding any issue in the above captioned matter addressed in the settlement conference. Judge Hyman's role is to facilitate the settlement discussions among the parties in an attempt to assist the parties in reaching a global settlement of their disputes and, if this is not possible, to assist in narrowing the issues for hearing before the Presiding Judge. In most cases, after a general meeting with all parties and counsel, Judge Hyman will use multiple conference rooms at the courthouse to enable separate meetings with the parties and their counsel. The settlement conference will be conducted in confidence, and no transcript, audio or video recording, or formal record will be made. Only Judge Hyman as settlement facilitator, Judge Hyman's staff, the parties, and the parties' representatives and advisors will be permitted to be present in the Zoom conference during the settlement conference. While Judge Hyman typically conducts a settlement conference in the same manner as a mediation, the settlement conference differs from a traditional mediation in that Judge Hyman, as facilitator, may provide his personal views on the claims and positions of the parties. Any settlement agreement reached as a result of the settlement conference will be a consensual agreement entered into by the parties voluntarily. You are responsible for the final, negotiated settlement, if any.

    4.    <u>Pre-Settlement Conference Demand and Offer</u>. The settlement conference is more likely to be productive if the parties exchange written settlement proposals prior to the conference. Accordingly, at least ten (10) days prior to the pre-settlement conference, counsel for the plaintiff/movant shall submit to counsel for the defendant/respondent a written settlement demand, including an itemization of damages (if appropriate) and a brief explanation as to why such a settlement is appropriate. No later than seven (7) days prior to the pre-settlement conference, counsel for each of the parties shall submit to counsel for the opposing parties a written settlement offer with a brief explanation as to why such a settlement is appropriate. If there are more than two parties, each party shall deliver a settlement demand or offer as appropriate under the circumstances.

None of the foregoing documents shall be filed in the above captioned matter or otherwise made a part of the record in such matter. It is not necessary to provide these documents to Judge Hyman. On occasion, this process leads directly to settlement.

5.    Settlement Conference Statements and Supporting Documents. Judge Hyman finds that settlement conference statements are instructive and allow time spent during the conference to be more constructive. Each party shall prepare a settlement conference statement setting forth the relevant positions of the party concerning factual issues, issues of law, and relief sought including damages (if appropriate). All parties should be aware that neither the contents of the settlement conference statements nor any portions thereof will be treated as confidential within the context of the settlement conference process. (Federal Rule of Evidence 408 will govern the confidentiality of settlement conference statements after the settlement conference.) Additionally, if there are any operative pleadings of record, please provide the docket entry numbers for review online via CM/ECF. For any online pleadings that you cite, you must also include a docket entry for any countervailing pleadings on the same issue. The settlement conference statement shall set out the settlement negotiation history of the matter including any specific demands and offers previously conveyed and any demands and offers conveyed as a result of this notice. The statements should also include at a minimum: (i) a short concise statement of the relevant facts not in dispute; (ii) a short statement of the facts that are subject to dispute; (iii) the operative law(s) that you believe are at issue; and (iv) the strengths and weaknesses of your case. The settlement conference statement shall be typed in 12-point Times New Roman font, shall be double-spaced, and **shall not exceed ten (10) pages in length, inclusive of any court opinions and supporting documents.** Judge Hyman will not read settlement conference statements that fail to conform to these requirements. **No later than five (5) working days prior to the pre- settlement conference, the parties shall e-mail the settlement conference statements to Judge Hyman at Paul_Hyman@flsb.uscourts.gov** and simultaneously provide copies to all counsel of record involved in the settlement conference. None of the foregoing documents shall be filed in the above-captioned matter or otherwise made a part of the record in such matter. Failure to timely supply Judge Hyman with the requested documents may result in cancelation of the settlement conference. Judge Hyman will promptly report any such failure (including the identity of the relevant party or parties) to the Presiding Judge. The Presiding Judge may award to any complying party or parties' attorney fees and travel expenses should the settlement conference be canceled as a result of the failure of any party to comply with this paragraph.

6. <u>Pre-Settlement Conference Meeting via Zoom</u>.

Judge Hyman finds that a brief pre-settlement conference with just counsel is productive and expedites the conference at the outset. The conference will be held via Zoom and should be set for not later than three (3) working days prior to the settlement conference. Contact Judge Hyman's Courtroom Deputy, Christina Romero, at (954) 769-5774 or email at christina_romero@flsb.uscourts.gov to set a time for the meeting to take place.

7. <u>Attendance of Parties Required</u>.

Each party shall attend the settlement conference by Zoom as stated in Paragraph 1, or through a duly authorized representative (appearing by Zoom) with complete authority to negotiate and execute a settlement agreement in such person's discretion.

**JUDGE HYMAN DOES NOT ALLOW ANY PERSON TO APPEAR BY TELEPHONE EXCEPT IN EXTRAORDINARY CIRCUMSTANCES, EVEN IF TELEPHONE PARTICIPATION IS APPROVED BY THE PRESIDING JUDGE.**

If the party is an individual, that person must attend the settlement conference by Zoom.

If the party is a corporate, government, or other organizational entity, the party must have a person attend by Zoom, and the person must be fully authorized to negotiate and execute a settlement agreement on the party's behalf.

Without limiting the foregoing, if a party is a defendant/respondent, the party's representative must have final settlement authority to commit the organization to pay, in the representative's own discretion, a settlement amount up to the plaintiff/movant's prayer, or up to the plaintiff/movant's last demand, whichever is lower. Without limiting the foregoing, if a party is a plaintiff/movant, the party's representative must have final authority, in the representative's own discretion, to authorize dismissal of the matter with prejudice, or to accept a settlement amount down to the defendant/respondent's last offer.

If a party to the settlement conference is a public entity, including a federal agency or an entity required to conduct its business pursuant to Chapter 286, Florida Statutes, that party shall be deemed to appear at the settlement conference by the presence of a representative, via Zoom, with full authority to settle on behalf of the entity.

Any insurance company that is a party or that is contractually required to defend or to pay damages (if any) assessed within its policy limits in the matter to be addressed during the settlement conference must be present through a duly authorized representative, appearing via Zoom, with final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.  The parties and their counsel are responsible for timely advising any involved non-party insurance company of the requirements of this notice.

The purpose of these requirements is to have in attendance, via Zoom, a representative for each party who has the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to reach settlement during the conference without consulting someone else who is not present.  Having a party with authority available by telephone is <u>not</u> an acceptable alternative as it is impossible for a party who is not present to appreciate the negotiation process and the reasons that may justify a change in one's perspective toward settlement.  In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with these requirements, said counsel shall immediately discuss the circumstance with opposing counsel to resolve the issue well before the settlement conference.  If such discussion does not resolve the issue, counsel may request a teleconference with Judge Hyman and all parties and counsel of record involved in the settlement conference by contacting Christina Romero, Courtroom Deputy at 954-769-5774.

If any required person described above fails to attend the settlement conference over Zoom, the settlement conference will be canceled or rescheduled.  <u>Judge Hyman will promptly report such facts (including the identity of the person or persons) to the Presiding Judge.  The Presiding Judge may assess costs and expenses, and additional sanctions, against any non-complying party, attorney, or both.</u>

8. <u>Confidentiality</u>.

Consistent with Federal Rule of Evidence 408, the content of and the discussions occurring during the settlement conference are to be kept confidential. All persons involved in the settlement conference will keep confidential and not use for any collateral or ulterior purpose:

a. any views expressed or suggestions or proposals for settlement

made by a party in the course of the settlement conference;

b.      any views expressed or suggestions or proposals for settlement made by Judge Hyman in the course of the settlement conference;

c.      the fact that a party had or had not been willing to accept a proposal for settlement made during the settlement conference; and

d.      all information (whether oral or in writing) produced for or arising in relation to the settlement conference, unless such information is otherwise discoverable under applicable rules of evidence.

All attorney work product relating to the settlement conference (including anything stored electronically) and any other information produced for, or arising in relation to, the settlement conference shall be privileged, and shall not be admissible as evidence or discoverable in any legal proceedings except (i) as directly necessary to implement and enforce any settlement agreement resulting from the settlement conference, and (ii) as provided in this notice.

All documents used or created in the settlement conference (the "Settlement Conference Documents") are not to be used by any party or their respective representatives in any legal proceedings save for such documents that are/were in the possession or custody of such party prior to the settlement conference or are obtained by such party legitimately other than through the settlement conference process.  In respect of the Settlement Conference Documents, any existing restrictions on the use of such documents and/or any prevailing law, rule or court order applicable to such documents, are to remain in effect.  The settlement conference is not to be taken as waiving or in any way affecting any such restriction, law, rule or court order unless expressly agreed to in writing by the relevant party or parties.

Written materials submitted to Judge Hyman and Judge Hyman's notes will be destroyed after the conclusion of the settlement conference.

The parties will not call Judge Hyman (or Judge Hyman's law clerks or courtroom deputy) as a witness, consultant, arbitrator, or expert in any proceedings in relation to the disputes presented as part of the settlement conference. <u>The parties are encouraged to consult with counsel regarding the foregoing agreements relating to confidentiality and admissibility. Judge Hyman does not provide legal advice to the parties, and makes no representation regarding the enforceability of the provisions of this notice among the parties.</u>

9. <u>Potential Questions to be Addressed During Settlement Conference</u>. The parties should review the following questions well prior to the settlement conference, and be prepared to discuss each topic at the settlement conference. This is not intended to be an exhaustive list of potential topics for discussion.

   a. What are your objectives in litigation?

   b. What issues need to be resolved, whether or not before the Presiding Judge?

   c. What legal arguments support your position? What case law can you cite to support your argument?

   d. Do you understand the opposing party's view of the case? Do you dispute their factual assertions? What are their legal arguments? What cases support their position?

   e. What remedies are available through litigation or otherwise?

   f. Is there the possibility for a creative resolution of the dispute, not otherwise available through decision by the Presiding Judge?

   g. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

   h. Are there outstanding liens? Do we need to include a representative of the lien holder?

   i. What are the alleged damages and how were they calculated?

   j. Is any party seeking relief other than monetary damages?

   k. Are there collectability issues in this matter?

10. <u>Involvement of Clients</u>. For many clients, this will be the first time they participate in a court supervised settlement conference. Therefore, counsel shall provide a copy

of this notice to each client and client representative and shall discuss the issues addressed herein with their clients prior to the settlement conference.

      11.      <u>Settlement Agreement</u>. The parties agree to abide by any settlement and to effect the terms thereof reached through the settlement conference. Any settlement agreement entered into as a result of the settlement conference may be subject to review and approval by the Presiding Judge.

      12.      <u>Reporting by Judge Hyman</u>. Judge Hyman will report to the Presiding Judge, orally or in writing, only

> (a) that the parties did or did not reach settlement and the general extent of the settlement if one was reached,
> (b) if and how a settlement may be presented to the Presiding Judge (for example, by motion under Bankruptcy Rule 9019), and
> (c) any facts relevant to a party's failure to comply with the requirements of paragraphs 5 and 6, above.

      13.      <u>Waiver of Claims</u>. The parties agree for the benefit of themselves and Judge Hyman as settlement facilitator that:

      a.      The parties shall not make any claim whatsoever against Judge Hyman or his staff for any matter in connection with or in relation to the settlement conference, the assistance provided by Judge Hyman, or the disputes between the parties; and

      b.      Judge Hyman and his staff will not be liable to the parties for any act or omission in connection with his assistance provided as settlement facilitator.

14. <u>Termination by Judge Hyman as Settlement Facilitator</u>.

If any party does not agree to <u>all</u> provisions of this notice, such party shall advise Judge Hyman prior to the commencement of the settlement conference, in writing, and Judge Hyman will withdraw as proposed settlement facilitator in this matter.  <u>By attending the settlement conference, via Zoom, each party and each party's representatives, agents, and advisers, agree to be bound by all terms of this notice as if this notice were an agreement signed by each such person or entity.</u>

        Hon. Paul G. Hyman
        United States Bankruptcy Judge